No. 15,689.

HATFIELD ET AL. *v.* BARNES ET AL.

(168 P. [2d] 552)

Decided April 29, 1946.

Mr. HARRY S. CLASS, for plaintiffs in error.

Mr. DONALD M. SHERE, Mr. I. R. SCHWARTZ, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANTS in error Barnes brought action in unlawful detainer in the justice court to recover possession

of an apartment in a house which was occupied by plaintiffs in error Hatfield as tenants from month to month. We shall refer to the parties as they appeared in the court below.

The complaint and notice alleged, as required by regulation of the office of price administration adopted pursuant to provisions of the Emergency Price Control Act, that "The landlord owned or acquired an enforceable right to buy or the right to possession of the housing accommodations prior to October 20, 1942, and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself." Defendants in their answer, on information and belief, denied plaintiffs' ownership and alleged ownership in another. They also denied that plaintiffs sought in good faith to recover possession, and denied that they were seeking to recover possession for the use or occupancy of the premises for themselves, and as affirmative defenses alleged, inter alia, that plaintiffs had been owners and in possession of other premises for many years which were occupied by them as a dwelling house; that the allegations in the complaint wherein it was claimed plaintiffs sought possession of the premises as a dwelling house for themselves were untrue, and that the real intent of plaintiffs in demanding possession was to convert the apartment into a lodginghouse or rooming house or apartments in order to obtain increased rental therefrom. Other defenses asserted in the answer need not be considered.

After hearing, and judgment for plaintiffs in the justice court, defendants appealed to the county court and they were there served with written interrogatories asking particularly upon what information they were informed that plaintiffs were not the owners, and upon what facts they relied to prove the above mentioned allegations of their answer. Upon answer made to the interrogatories, plaintiffs filed a motion for summary judgment supported by affidavits denying the facts

alleged in the answers to the interrogatories, and again declaring that they in good faith sought to recover possession of the premises as a dwelling house and for no ulterior purpose. The motion was sustained and judgment for possession entered.

Under our rule 56, following the federal practice, summary judgment is a drastic remedy and is never warranted except on clear showing that there is no genuine issue as to any material fact. *Shultz v. Manufacturers & Traders Trust Co.* 1 F. R. D. 451, 103 F. (2d) 771. It does not compel a party to try his case on affidavits with no opportunity to cross-examine affiants. *United States v. Newbury Mfg. Company,* 1 F. R. D. 718 (District Court, Mass.). To authorize the granting of summary judgment, the complete absence of any genuine issue of fact must be apparent, and all doubts thereon must be resolved against the moving party.

Plaintiffs here were required, under the pertinent federal statute and regulations, not only to establish that possession was sought for immediate use and occupancy as a dwelling for themselves, but also that it was sought "in good faith." The issue of good or bad faith is ordinarily a question of fact for the jury. *Sviggum v. Phillips,* 217 Minn. 586, 15 N. W. (2d) 109; *Bauer v. Neuzil,* 66 Cal. App. (2d) 1020, 152 P. (2d) 47. Particularly on such issues as good faith, intent, and purpose, the bald declaration of a party by affidavit is not sufficient to resolve the issue in the face of a pleaded denial. Neither is defendant restricted in his proof to positive testimony of independent witnesses; such declaration may be overcome by circumstantial evidence, and the determination of the issue is peculiarly dependent on the light of cross-examination and full inquiry as to the reasons and circumstances involved. "On the issue of good faith, it is proper for the court to consider all the facts and circumstances which the owner appears to have regarded as important

in forming his desire to occupy the housing accommodations himself." *Bumgarner v. Orton,* 63 Cal. App. (2d) 841, 146 P. (2d) 67. Financial necessity has been held a proper basis of good faith, *Snyder v. Reshenk,* 131 Conn. 252, 38 A. (2d) 803; while the purpose of getting increased rentals has been held to be bad faith. "On the issue of good faith under OPA rent regulations, all the circumstances must be taken into consideration in determining whether a landlord is 'merely attempting to juggle his property for profit, or legitimately requires it to live in'." *Sviggum v. Phillips, supra.* See, also, *Gould v. Bictler* (D. C. Mun. App.) 31 A. (2d) 867. In other cases the determination of the issue of good faith has been held dependent on whether the plaintiff was actuated by caprice or malice, or the evidence disclosed a reasonable basis for his demand for possession. *Shaffer v. Bowes* (D. C. Mun. App.), 31 A. (2d) 690; *Zajac v. McNulty,* 51 N.Y.S. (2d) 484.

Under the pleadings in the instant case, an issue of fact was raised which was not determinable on affidavits, and answer to interrogatories propounded to defendants. The motion for summary judgment should have been denied.

Accordingly, the judgment is reversed.