No. 15,820.

WIDMAN *v.* ASHCRAFT.
(188 P. [2d] 889)

Decided November 24, 1947. Rehearing denied January 12, 1948.

374

Mr. S. Leonard Berenbeim, Messrs. Mosko & Slatkin, for plaintiff in error.

Mr. H. Berman, for defendant in error.

Mr. Justice Alter delivered the opinion of the court.

Earl Ralph Widman, plaintiff in error here, plaintiff below, brought an action against Grover Cleveland Ashcraft to recover judgment for damages allegedy sustained by him as the result of a collision between the automobiles owned by the respective parties. Defendant's motion for summary judgment was granted and judgment entered accordingly. Plaintiff here seeks a reversal.

The complaint was based on negligence; defendant by answer denied his negligence; and in separate defenses plead plaintiff's negligence and unavoidable accident.

■ Defendant introduced in evidence plaintiff's deposition, and relied solely thereon in support of his motion for summary judgment. It is settled law that on the hearing of a defendant's motion for summary judgment the material allegations of the complaint must be accepted as true, even though they are denied in the answer, and the motion should not be granted unless the depositions and admissions on file, together with any affidavits, clearly disclose that there is no genuine issue as to any material facts. According to plaintiff's testimony, as evidenced by his deposition—and, as above stated, this alone was offered in support of the motion for summary judgment—the following are the pertinent facts:  At about eight o'clock in the morning, he was driving easterly on East Twenty-sixth avenue in Denver, and defendant was driving northerly on Oneida street.  As plaintiff approached the intersection of said streets, an army truck was stopped on the southerly side

of the intersection, and the driver motioned plaintiff to proceed. Defendant, who was approaching the intersection from the south, turned his automobile to the left of the army truck into the southbound lane of traffic on Oneida street, and, while driving at a speed of thirty-five miles an hour, entered the intersection where his car collided with the rear part of plaintiff's automobile, causing the damage of which complaint is here made.

The only specification necessary for our consideration is the determination of the propriety of the summary judgment under the facts disclosed, which facts, for this purpose only, must be considered as true.

Under applicable ordinances of Denver, and statutes of Colorado, so familiar to the profession and laity that citations thereto are unnecessary, defendant had the right of way at the intersection if he was proceeding in obedience thereto; however when he entered the southbound lane of traffic at the intersection, he violated a city ordinance; when, in approaching the intersection, he drove his car at a rate of speed of thirty-five miles an hour, he also violated an ordinance; under the applicable ordinances, he thereby lost his right of way; in fact, unless the defendant could approach the intersection in the proper lane of traffic, he had no right of way. When the driver of the army truck stopped at the intersection and motioned plaintiff to proceed through it, he yielded his right of way; plaintiff then was entitled to proceed and was not, as a matter of law, guilty of negligence in doing so. *Bauserman v. White*, 108 Colo. 101, 114 P. (2d) 557. The questions of whether plaintiff's negligence or contributory negligence was the proximate cause of, or contributed to, his damages; whether defendant was guilty of negligence causing the damages; or whether both plaintiff and defendant were guilty of negligence, present genuine issues of fact determinable by court or jury. The pleadings, considered in conjunction with the evidence presented, definitely establish a genuine issue as to a material fact.

■ In *Hatfield v. Barnes*, 115 Colo. 30, 168 P. (2d) 552, we held that, "Summary judgment is a drastic remedy and is never warranted except on clear showing that there is no genuine issue as to any material fact," and we have approved this rule in later decisions.

In the instant case it clearly appearing from the pleadings and evidence that a clear-cut issue of fact was presented for determination, the trial court erred in granting the motion for, and entering, the summary judgment.

The judgment, accordingly, is reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.