## No. 16,015.

TAMBLYN ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.
(194 P. [2d] 299)

Decided May 3, 1948.

Mr. RICHARD E. BISHOP, Mr. PERCY A. ROBINSON, for plaintiffs in error.

Mr. J. GLENN DONALDSON, Mr. MALCOLM LINDSEY, Mr. CHARLES H. HAINES, Messrs. HICKS & HICKS, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THIS is an action brought by certain taxpayers on their own behalf, and on behalf of all others similarly situated, against the City and County of Denver, its officials, and 3978 corporation (substituted for Spencer and Iserman, original defendants), to cancel a contract for the sale and purchase of property known as the "Old Courthouse Square." The parties appear here in the same order as in the trial court, and we will refer to them as plaintiffs and defendants.

In the complaint it is alleged, inter alia, that the contract to sell said property for $818,600 was "improvidently and wastefully" executed by the city, and that its officials in so doing "were guilty of a gross abuse of discretion," as therein alleged, and in particular, that at the time the contract was made, the value of the property "had increased to more than, to wit, two million dollars ($2,000,000)."

To the above complaint, separate but similar answers were filed on behalf of the city and contract holders in which defendants denied the above allegations specifically and others generally. That after the above mentioned answers were filed, defendants were granted leave to file supplemental answers reciting the passage of ordinance No. 167, series of 1947, ratifying and approving the contract; that on November 21st, 1947, plaintiffs consented to the immediate filing of said supplemental answers and thereupon were given thirty days from said date within which to file further pleadings; that on the following day motions of defendants for summary judgment were filed, which were heard and granted by the court December 6, 1947, fifteen days prior to the expiration of the time in which plaintiffs were authorized to file further pleadings.

Under such circumstances, while not decisive of this case, the hearing and determination of the motion for summary judgment was premature.

The principal contention herein is that the trial court erred in granting the motions for summary judgment.

Rule 56, R.C.P. Colo., authorizing summary judgments, provides that motions therefor may be granted only when "there is no genuine issue as to any material fact" and when "the moving party is entitled to a judgment as a matter of law." We have held that "any doubt as to the existence of such an issue must be resolved against the moving party." *Flanders v. Kochenberger*, 118 Colo. 104, 193 P. (2d) 281; that, "Summary judgment is a drastic remedy and is never warranted except on

clear showing that there is no genuine issue as to any material fact." *Hatfield v. Barnes,* 115 Colo. 30, 168 P. (2d) 552, 553; *Widman v. Ashcraft,* 117 Colo. 373, 188 P. (2d) 889; that, "On the hearing of a motion for a summary judgment, the material allegations of the complaint must be accepted as true even in the face of denials in the answer." *Parish v. De Remer,* 117 Colo. 256, 187 P. (2d) 597. It also is quite generally held that the summary judgment procedure was not intended to deprive a litigant of the right to trial on the merits of the case. *Whitaker v. Coleman,* 115 F. (2d) 305.

■ On behalf of defendants it is argued that the value of property is a question of opinion; that the city officials have the right to determine such value; that their determination is final and conclusive and not subject to judicial review; that there is no genuine issue of fact herein; and that they were entitled to summary judgment as a matter of law.

The rule as to when and under what circumstances courts are justified in interfering with the discretion of public officials is concisely and accurately stated in the specially concurring opinion of Justice Stone in *Ferch v. Hansen, et al.,* 115 Colo. 366, 381, 174 P. (2d) 719, in which he said: "While the discretion of municipal officers is not subject to judicial control, gross abuse of such discretion and deliberate waste of city funds, as here charged, are not immune to inquiry and, if established, appropriate relief should be granted. Where such charges are made, it is a right of the people and to the advantage of faithful officials that the doors of the courts be open for investigation and any resulting necessary accounting by public servants as to their stewardship; nevertheless, upon a hearing of such charges judicial tribunals will be slow to interfere with the action of legally established municipal bodies unless fraud or abuse of discretion clearly appear." To like effect see, 37 Am. Jur., p. 816, §180; also, 1 McQuillin Municipal Corporations (2d ed., rev.), p. 1068, §390, et seq.

■ It is generally held, consistent with the above authorities, that courts do not, for slight reasons, interfere with municipal affairs involving the exercise of legislative judgment and discretion, in the absence of bad faith, fraud, arbitrary action, or abuse of power or discretion, but will interfere when, "Wanton or unreasonable exercise of power by corporate authorities, although discretionary, when detrimental to public interest, or injurious to private rights, will be redressed by the judiciary, notwithstanding such powers clearly belonged to the municipal corporation and in the exercise of them no corruption or fraud appears." 1 McQuillin Municipal Corporations (2d ed., rev.), p. 1084, §391.

Counsel for defendants in error concede the correctness of the above rule when they say in their brief, in referring to *City & County of Denver v. Commissioners*, 113 Colo. 150, 156 P. (2d) 101: "That the discretion of the proper municipal authorities will not be interfered with unless for fraud or unreasonableness." Counsel also approved the following excerpt from *Independent Ass'n v. City & County of Denver*, 142 F. (2d) 940, 942: "We may not test in the balances of judicial review the weight and sufficiency of the facts to sustain the conclusion of the legislative body. We may only inquire whether it so lacks any reasonable basis as to be arbitrary."

■ In the instant case the question as to the authority of courts to interfere with the discretion of the municipal officials, depends upon whether or not such officials have grossly abused their discretion, and that question in turn is contingent upon the value of the property here involved. If, for instance, on trial of the cause, it shall appear that the property does not greatly exceed in value the price fixed in the contract, courts have no right, under the above authorities, to interfere; on the other hand, if the property greatly exceeds in value the contract price, or is worth, as alleged, in excess of two million dollars, it follows that the officers

of the city not only have abused their discretion, but also, if the sale is consummated, will have made a gift to 3978 corporation of $1,181,400, contrary to, and in violation of, section 2, article XI, of the state Constitution. We approve the statement in 38 Am. Jur., p. 167, §487, where it is said: "A municipality cannot ordinarily lawfully sell its property for a grossly inadequate price, since such a transaction is in effect a gift of public funds."

Consequently, the value of the old courthouse square becomes of prime consideration, and there exists herein a genuine issue as to a very material fact which must be determined. The motion for summary judgment should have been denied.

In a case decided May 3, 1940, by the federal district court for the southern district of New York, the court, construing the identical rule, reached the same conclusion as above announced. We quote from paragraph 3 of the syllabus: "In action to recover alleged excessive estate tax payments, issues raised by taxpayer's complaint and affidavit as to value of corporate stock and of realty and as to whether sole legatee was indebted to the estate were issues of fact as to which taxpayer was entitled to have a trial and present his evidence, hence defendant's motion for summary judgment would be denied. Rules of Civil Procedure for District Courts, rule 56, 28 U.S.C.A." *Baker v. Hoey,* 33 Fed. Supp. 799.

The judgment is reversed and the cause remanded with instructions to overrule the motion for summary judgment; to grant plaintiffs reasonable time within which to further plead; and for further proceedings as the parties may be advised.