No. 16,747.

HOLTER v. COZAD.
(238 P. [2d] 190)

Decided October 29, 1951. Rehearing denied November 26, 1951.

Messrs. ROLFSON & HENDRICKS, for plaintiff in error.

Messrs. SANDHOUSE & SANDHOUSE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFF in error, a daughter and residuary legatee and devisee under the will of Fred E. Smith, deceased, prosecutes a writ of error herein to review a summary judgment and decree of the district court directing the executors of the Smith estate to convey to defendant in error the NW¼ of section 10; the N½ of section 9 and the SW¼ of section 4, all in township 10 north, range 46 west, Sedgwick county, Colorado, pursuant to a contract between deceased and defendant in error.

Smith died October 4, 1948 and his will was duly admitted to probate and record in the county court of Sedgwick county as a foreign will. The lands described were among the assets of his estate. Defendant in error, also a daughter of the deceased, filed a petition in the

estate proceeding alleging that on December 21, 1945 she and Fred E. Smith entered into a written contract for the purchase and sale of this Sedgwick county land, for which she was to pay $19,014.04, said amount being "payable ⅓ of all products sold from the land." Warranty deed was to be delivered to her by Smith on or before December 21, 1950. Purchaser was to pay all taxes and assume a loan against the property held by the Land Bank. Defendant in error alleged she had paid $10,521.11 to her father on account of said contract; further alleged that pursuant to paragraph third of her father's will she was not obligated to make further payments under this contract, and that she was entitled to a conveyance of the property by the executors of the Smith estate.

The third paragraph of decedent's will provided: "Third, I give, devise and bequeath any and all sum or sums loaned or advanced to Alice S. Cozad and her husband during my life time *or in any manner she or he may owe me,* to my daughter Alice S. Cozad absolutely and I declare that such advancements as I may have made or may hereafter make to my said daughter Alice S. Cozad and her husband shall be in addition to and not in satisfaction of any legacies, portions or other benefit given her by my said will. *It being my intention to cancel all their indebtedness to me at the time of my death.*" Emphasis supplied.

The county court denied the petition of defendant in error. On appeal to the district court summary judgment was entered in favor of defendant in error, and the executors were ordered to convey the land above described to her.

In both the county and district courts counsel for plaintiff in error insisted that before specific performance could be decreed, it was necessary for defendant in error to affirmatively show performance on her part by delivery to the deceased, or his executors, of one-third of all products sold from the land in question, it

being contended that defendant in error had delivered only a portion of one-third of said 1948 crop.

This contention is without merit because decedent by his will, executed subsequent to the contract herein, definitely declared that it was his intention to cancel all indebtedness due him from defendant in error at the time of his death, irrespective of the manner in which such indebtedness might accrue. It was the duty of the court to interpret the Smith will, and the learned trial Judge did so correctly. There was no dispute about the payment of $10,521.11 on account of the contract by defendant in error, and the resulting balance due under the contract was an indebtedness on her part to her father, existing at the time of his demise, and by the terms of his will this obligation was cancelled.

We now come to the specification of error that there was no evidence before the trial court of what land was sold under the contract. A thorough consideration of this specification convinces us that summary judgment should not have been entered.

The contract for the sale of the land described it as follows:

"NW$^4$      Sec. 10,      R. 46      West of 6 P.M.
N$^2$         "   9,
SW$^4$        "   4,

of Section    , Town    , Range    , in Sedgwick County, Colorado."

At a pre-trial conference in the district court, an order was entered determining that decedent and defendant in error entered into a written agreement for the sale of real estate and described the real estate as set forth in the petition filed in the county court. We cannot find from the record that it was stipulated by counsel in the district court that the land mentioned in the petition was the same land attempted to be described in the contract.

At the pre-trial conference the contract between Smith and defendant in error was marked "Exhibit A" and

introduced; also it will be noted that in describing the N. ½ of section 9 and the S.W. ¼ of section 4, neither township or range is mentioned in the contract.

Section 120, chapter 176, '35 C.S.A., as amended by section 9, chapter 254 of the 1949 Session Laws of Colorado provides: "Section 120. When any order for the specific execution of a contract shall be made, the personal representative shall execute and deliver to the proper party a deed duly acknowledged, conveying the estate according to the terms of the contract and the order of the court. Such deed shall be as effectual as if it had been executed by the deceased in his life time or by the mental incompetent while he was under no legal disability."

There was an incomplete and uncertain description of the land in this contract. It needs no citation of authority to show that the county court, sitting in probate has no jurisdiction to reform the contract, which was essential in this case. This only could be done in an appropriate proceeding in the district court, and in the instant case the jurisdiction of the district court was the same as that of the county court, no more and no less.

The district court, under the record as made, was without authority to enter a summary judgment. Description of the land was vital and the trial court was in error in ordering a conveyance of the land as described in the petition on the application for summary judgment. "Summary judgment is a drastic remedy and is never warranted except on clear showing that there is no genuine issue as to any material fact. * * * To authorize the granting of summary judgment, the complete absence of any genuine issue of fact must be apparent, and all doubts thereon must be resolved against the moving party." *Hatfield v. Barnes*, 115 Colo. 30, 168 P. (2d) 552. See, also, *Parrish v. De Remer*, 117 Colo. 256, 187 P. (2d) 597.

A contract may be reformed and in the same

equitable action specifically enforced as reformed, when the facts are properly presented. *Froyd v. Schultz,* 260 Ill. 268, 103 N.E. 220, Ann. Cas. 1914D 225; *Atwood v. Mikeska,* 29 Okla. 69, 115 Pac. 1011, L.R.A. 1917A 602. This could not be done under a petition in the probate proceeding.

Having determined that the trial court erred in granting summary judgment, it is unnecessary for us to determine the other specifications of error. Nothing herein contained shall be construed to preclude defendant in error from bringing an appropriate action to reform the contract and for specific performance.

Judgment is reversed and the cause remanded with direction that the petition be dismissed without prejudice to the right of defendant in error to proceed in a manner consistent with the views herein expressed.