No. 18,891.

CREDIT INVESTMENT AND LOAN CO., INC. *v.* GUARANTY
BANK AND TRUST COMPANY, ET AL.
(353 P. [2d] 1098)

Decided July 5, 1960.

Mr. GEORGE F. BARBARY, Mr. GEORGE C. KELLOGG, for
plaintiff in error.

Mr. MAX D. MELVILLE, Mr. FRED M. WINNER, for de-
fendants in error.

*In Department.*

PER CURIAM.

THE parties appear here in the same order as they appeared in the trial court. We shall so refer to them.

Defendants' motions to dismiss and for summary judgment were granted and the action dismissed. Motion for new trial was denied and the plaintiff is here by writ of error.

Plaintiff's third claim is the principal one of five claims pleaded in its second amended complaint. The others are dependent upon it. It alleges that plaintiff and the defendant trust company entered into a contract on or about August 23, 1956, under which plaintiff purchased and sold to defendant trust company from time to time negotiable paper, evidencing home improvement and consolidation loans, maturing not later than thirty-six months after the date thereof in the aggregate sum of $114,152.00; that the purchase price was payable to plaintiff upon the delivery of the paper to the trust company, but that $57,076.00 of said purchase price remained unpaid on March 25, 1957; that the said sum of $57,076.00 was being held by the trust company in a reserve account until such time as plaintiff shall collect and remit to it the sums represented by the commercial paper mentioned; that any notes becoming three months delinquent could be returned to plaintiff by the trust company and charged to the reserve account; that as to completed transactions, it was agreed that the trust company should withhold one-half of the purchase price until collection of the paper; that plaintiff would pay interest and assume recourse liability on such paper, and that plaintiff reserved the right to enforce collection of the notes. It is further alleged that on March 25, 1957, defendant trust company disaffirmed and breached its contract with plaintiff by taking and exercising control of the collection of the paper involved; that the company's conduct gave plaintiff the right to treat the contract at an end; that the trust company should be required to pay to plaintiff the balance of the purchase price on deposit in the reserve account, being the sum of

$57,076.00; and that plaintiff be relieved from the further payment of interest and recourse responsibility on the subject notes.

The first claim alleges that on February 8, 1957, plaintiff tendered to defendant trust company for purchase under the aforementioned agreement, commercial paper in the sum of $9,795.96, but that said defendant wrongfully refused to perform the contract, resulting in loss and damage to plaintiff in the sum of $1,694.70.

The second claim alleges generally that while the agreement between plaintiff and defendant trust company was in effect, plaintiff expended the sum of $9,-066.75 in acquiring commercial paper for the said defendant from which plaintiff would have derived a profit of $6,346.75, and that the trust company revoked its offer to purchase and refused to consummate a purchase of such paper, to plaintiff's further damage in the sum of $15,413.50.

The fourth claim is against defendant Walter A. Woods, individually, and in substance alleges that Woods, individually or as an agent of defendant trust company, willfully and maliciously induced the defendant trust company to breach the contract between plaintiff and defendant trust company, to plaintiff's damage in the respective amounts alleged in the first, second and third claims for relief.

The fifth claim alleges that defendant Woods willfully and maliciously induced certain reputable banks and their officers not to have business dealings with plaintiff, and that said defendant falsely represented that plaintiff was improperly conducting its financing business, all to plaintiff's further damage in the sum of $20,000.00.

(1) The motions of defendants for summary judgment and to dismiss were not supported by affidavit. The operative case papers for the hearing upon such motions consisted of the second amended complaint, written interrogatories to plaintiff and answers thereto, and the motions themselves. At the hearing, one Robert Yar-

brough, managing agent of plaintiff, was interrogated as the agent of plaintiff by the defendants. He also testified in direct examination.

It is obvious from the record before us that a real dispute exists between the parties concerning the terms and conditions of the contract involved in the action. Questions of fact exist as to whether the agreement rested in parol or was evidenced by written document, and if the latter, whether it was subsequently modified or replaced by verbal agreement. Genuine issues of fact exist as to whether each of the parties has fully performed the agreement. There is a dispute with reference to the rights of the contracting parties in the $57,076.00 reserve account, and other issues of fact requiring determination. This is apparent without answer or possible counterclaim having been filed.

The record also shows issues of material fact with respect to plaintiff's alleged claims against the defendant Woods. It is alleged that Woods' conduct was willful and malicious and that he made false representations to others concerning the plaintiff to his damage. An action for damages lies against one who intentionally and maliciously interferes with or induces another to breach a contract in which a plaintiff has an interest, or who in bad faith maliciously gives false information concerning another in his business dealings. In such cases, the question of good faith, belief in the truth of the statements made and the existence of actual malice, are primarily questions of fact for determination by the trier of facts in the action. *Melcher v. Beeler,* 48 Colo. 233, 110 Pac. 181; *Calvat v. Franklin,* 90 Colo. 444, 9 P. (2d) 1061.

Granting summary judgment on the record before us was error. A summary judgment may be granted only where there is no genuine issue as to any material fact. Rule 56, R.C.P. Colo. We have many times held, and again reiterate that a summary judgment is a drastic remedy, never warranted except in the complete ab-

sence of any genuine issue of material fact. All doubts with respect thereto must be resolved against the mover. *Hatfield v. Barnes,* 115 Colo. 30, 168 P. (2d) 552; *Tamblyn v. Denver,* 118 Colo. 191, 194 P. (2d) 299; *Flanders v. Kochenberger,* 118 Colo. 104, 193 P. (2d) 281; *Holter v. Cozad,* 124 Colo. 428, 238 P. (2d) 190.

(2) It requires no strained mental exercise to reach the conclusion that each of plaintiff's alleged claims, if proved, states a claim upon which relief may be granted, and that none is vulnerable to a motion to dismiss.

The judgment is reversed and the cause remanded with directions to the trial court to vacate its judgment and to enter a rule upon defendants to answer or otherwise plead to the second amended complaint.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE HALL and MR. JUSTICE DAY concur.