No. 20915.

RIDGEWOOD MOBILE HOMES PARK, INC. *v.* ALEMEDA WATER & SANITATION DISTRICT.
(410 P.2d 641)

Decided February 7, 1966.

MARGARET R. BATES, for plaintiff in error.

TULL, ROBINSON and TILTON, WM. HEDGES ROBINSON, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE refer to the plaintiff in error as the plaintiff and to defendant in error as the defendant or the district. Defendant is a Water and Sanitation District organized under C.R.S. '53, 89-5, and, as such, maintains and operates a sanitary sewer system in Jefferson county known as the Alameda District. Plaintiff is the owner of certain lands in Jefferson county, Colorado, which are not within the boundaries of the Alameda District, but are within the boundaries of another such district known as the Bancroft Water and Sanitation District, and upon which it operates a trailer park.

The plaintiff, in a second amended complaint alleged that on May 6, 1960, it made a formal written application for a sewer line extension to serve its property, and deposited with the defendant the sum of $10,565 as demanded by the defendant; and that the defendant acting by its board of directors agreed that it would

furnish such service. Plaintiff further alleged that the defendant failed and refused to perform the agreement, and that by reason thereof the plaintiff was damaged in the sum of $40,000, for which sum it asked judgment against the defendant.

The answer of the defendant set forth as defenses that the complaint did not state facts sufficient to constitute a claim; denied that plaintiff ever was promised the service as alleged in the complaint; denied that plaintiff's application ever was accepted and approved and agreed to by the board of directors of defendant; and alleged that all sums of money deposited by the plaintiff were returned to it. It was also alleged by the defendant that any service to be furnished by it to the plaintiff was to be furnished outside the limits and boundaries of the defendant district, and that by reason thereof any contract or agreement which it may have had with the plaintiff was illegal, void, and ultra vires since the defendant could not legally contract with any individual to furnish sewage transportation and treatment service beyond the boundaries of the district.

It was further alleged by the defendant that any such agreement was subject to the provisions of a written contract between the district and the City and County of Denver dated January 22, 1959, in which it was provided, *inter alia,* that, "All new areas to be served shall join the Alameda Water & Sanitation District in the manner provided by law, and no new or additional service areas outside the existing district boundary shall be provided until the area to be served is legally incorporated into the Alameda Water & Sanitation District," and also that all connections to the sewer lines must be approved by the engineering office of the City and County of Denver. The defendant alleged that the City and County of Denver was providing sewage treatment for the defendant district, and plaintiff knew that it could not be furnished with any sewer service until and unless the City and County of Denver approved the

extension of sewer service to it. The defendant alleged that plaintiff also knew that the City and County of Denver refused to approve sewer service to it because its property was in Bancroft Water and Sanitation District, and because of the fact that the property was below the grade of the sewer trunk line servicing the Alameda Water & Sanitation District. The contract with the City and County of Denver contained a provision that plans and specifications relating to connections serving areas outside the city of Denver must be approved by the city before installation, and the plans and specifications pertinent to this case were never completed by the plaintiff and never approved by the district or by the City and County of Denver.

It was further alleged in the answer that the agreement, if any, was vague, uncertain and incapable of being performed by either party, and vested no rights in the plaintiff, and was subject to all prior commitments and obligations of the defendant to furnish sewer service for its inhabitants; that it was cancellable at any time by the district, contrary to public policy and hence void.

As a fourth defense defendant alleged that there was no legal contract or contractual obligation of any kind existing between the plaintiff and the defendant. As a fifth defense defendant alleged that plaintiff abandoned and waived any contractual obligations between itself and the defendant in that during the year 1961 it connected its real property with the sewer lines of the Bancroft Water and Sanitation District and has at all times thereafter been served by that district in the transportation and treatment of sewage discharged from plaintiff's premises, which service has been supplied at a cost of approximately $5,400 less than that which would have been payable to the defendant, (approximately $10,200).

Under these pleadings defendant took the deposition of the president of the plaintiff. It is true that no

showing was made by this deposition that the directors of the defendant ever adopted a resolution accepting and approving the application of plaintiff for sewer service. The deposition also fails to show that any formal contract was entered into between Alameda District, by its board of directors, and the plaintiff. The plaintiff also took depositions of Mr. Paul V. Simmons, the then president of Alameda District, and of Mr. R. E. Eggleston, the superintendent of the Alameda District, both of whom were serving the district at the time of the negotiations which plaintiff contends resulted in a contract. The plaintiff is not bound by these depositions any more than the defendant is bound by the depositions of the president of the plaintiff company.

On October 5, 1962, the defendant moved for a summary judgment as follows:

"The defendant herewith moves that a summary judgment be entered in behalf of the defendant and against the plaintiff upon the pleadings, depositions and documents produced in this action, and for cause shows unto the Court that there is in fact no justiciable issue involved in this action and that judgment should enter for the defendant as a matter of law."

This motion was granted and the plaintiff is here on writ of error to review the judgment entered upon the motion.

The only matters properly before the trial court for consideration upon the motion were the pleadings and answers contained in the depositions of the president of the plaintiff company. It was not the duty of plaintiff to disclose any part of its evidence of an agreement which was not asked for by the examiner of plaintiff's president. For all we know, the plaintiff may have other and further evidence, even to the extent of showing official action taken by the board of directors of the defendant.

■ We have repeatedly held that to authorize the granting of a summary judgment the complete absence

of any genuine issue of fact must be apparent, and all doubts thereon must be resolved against the moving party. *Smith v. Mills,* 123 Colo. 11, 225 P.2d 483; *Hatfield, et al. v. Barnes, et al.,* 115 Colo. 30, 168 P.2d 552.

■ The material allegations of the plaintiff's complaint must be accepted as true even though they are denied in the answer, and the motion should not be granted unless the depositions and admissions on file, together with any affidavits, clearly disclose that there is no genuine issue as to any material facts. *Rogerson v. Rudd,* 140 Colo. 548, 345 P.2d 1083; *Campbell v. Gilliam,* 127 Colo. 471, 257 P.2d 965; *Holter v. Cozad,* 124 Colo. 428, 238 P.2d 190; *Tamblyn v. Denver,* 118 Colo. 191, 194 P.2d 299; *Widman v. Ashcraft,* 117 Colo. 373, 188 P.2d 889.

■ Sanitation districts organized under C.R.S. '53, 89-5-1, are quasi-municipal corporations, and as such are not bound to serve owners of land outside their districts, but we have recognized their right to contract with such outsiders for their services. *Schlarb v. Sanitation District,* 144 Colo. 590, 357 P.2d 647.

■ Plaintiff has alleged the existence of an agreement for such service. We find nothing in the depositions before the trial court to either prove or disprove with any finality those allegations. Evidence not called for by any questions may be available to prove the contract alleged by the plaintiff. We cannot say, as a matter of law, that there is a complete absence of any genuine issue of fact.

The judgment of the court is reversed and the cause remanded for a full hearing on the merits.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE SCHAUER concur.