[No. 15332. Department One. August 6, 1919.]

H. R. CLARK *et al., Respondents,* v. ALEX C. WILSON *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (379, 390)—USE OF STREETS—COLLISION AT CROSSING—NEGLIGENCE. The negligence of the driver of an automobile in collision with a motorcycle at a street intersection is a question for the jury where there was evidence that, on reaching the crossing, the defendant first stopped, inviting the motorcyclist to pass in front, then started, inviting him to pass behind, and again started and stopped, when if he had not halted, he would have proceeded across in safety.

SAME (383, 391)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The contributory negligence of a motorcycle policeman traveling 35 or 40 miles in the line of his duty, where the view was unobstructed, in collision with an automobile at a street intersection, is a question for the jury, where he had the right of way, was not limited as to speed, and was misled by the indecision and repeated stopping and starting of the driver of the automobile.

SAME (379, 392)—MEETINGS AND CROSSINGS—INSTRUCTIONS. In an action for injuries sustained by a motorcycle policeman in collision with an automobile at a street intersection, where the view was unobstructed, instructions are proper which declare that, if defend-

[1]Reported in 183 Pac. 103.

ant, as a reasonably prudent man, had reason to believe that plaintiff was a policeman, it was his duty to stop and allow him to pass, and that it was negligent for him to first stop to allow him to pass in front, and to then start up and drive in front of him.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 21, 1918, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained in a collision between a motorcycle and an automobile. Affirmed.

*S. D. Wingate,* for appellants.

*Tucker & Hyland* and *S. H. Steele,* for respondents.

MAIN, J.—The purpose of this action was to recover damages for personal injuries. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs. Motions for judgment notwithstanding the verdict and, in the alternative, for a new trial were made and overruled. Judgment was entered upon the verdict, from which the defendants appeal.

The undisputed facts, and the facts which the jury had a right to find from the evidence, may be stated as follows: The respondent H. R. Clark was a motorcycle policeman in the employ of the city of Seattle. On the evening of May 16, 1917, at about 9 o'clock p. m., while he was responding to an emergency call in the line of his duty, the motorcycle upon which he was riding collided with the Ford roadster automobile, near the northwest corner of the intersection of Fourth avenue and Bell street, driven by the appellant Alex C. Wilson.

The two streets mentioned intersect at right angles. Bell street is thirty-eight feet, and Fourth avenue fifty-four feet from curb to curb. Before reaching this

intersection, the respondent was driving north on the east side of Fourth avenue. The appellant was driving west on the north side of Bell street. From the time that the appellant entered Bell street, a block to the east, until the time of the collision, there was nothing to prevent one of the parties from seeing the other, excepting a garage thirty feet in width which stood 230 feet south of the south curb of Bell street and fronted to the west on Fourth avenue. The respondent saw the automobile approaching before his view was obscured by the garage. The appellant, as he approached the intersection, observed the approaching motorcycle. From the time when the parties reached the respective points where their vision would no longer be obscured by the garage, each saw the other continuously. The motorcycle was traveling at the rate of from thirty-five to forty miles per hour. The automobile, before reaching the intersection stated, was traveling at approximately from twelve to fifteen miles per hour.

As the appellant came to the intersection, the motorcycle was approximately 250 feet south of the south line of Bell street. The evidence on the part of the respondent is that, after the appellant entered the intersection, he stopped or slowed his automobile as though he were going to stop, then started, and again stopped and started. The respondent construed the stopping of the automobile as an invitation to pass in front, and the starting again as an invitation to pass at the rear. When the appellant stopped the second time, the respondent swung his motorcycle to pass in front, believing that the automobile would remain standing. It again started, the appellant at that time making an effort to turn to the right down Fourth avenue, and the collision occurred a little to the north

of the northwest corner of the intersection of the streets named and about fifteen feet from the west curb of Fourth avenue. The space between the automobile and the curb was not sufficient, at the speed at which the motorcycle was traveling, to enable it to make the turn to pass through in safety.

At the time the collision occurred, the motorcycle was traveling rapidly and hit the automobile a heavy blow. The respondent was thrown from the motorcycle and sustained the injuries for which he seeks recovery in this action.

The appellant first contends that the evidence fails to show negligence on his part. This being an action tried to a jury, we are not concerned with the evidence further than to inquire whether there was substantial evidence from which the jury might have found negligence. If the appellant, on entering the intersection, started and stopped, as the respondent testified that he did, there was certainly ample evidence to take the question of negligence to the jury. As the appellant entered the intersection, the motorcycle was at least 150 feet away and was traveling at the rate of thirty-five or forty miles per hour. Had the appellant proceeded across without halting, it is clear that he would have crossed the intersection before the arrival of the motorcycle. Had he stopped and remained still, the motorcycle would have passed and the collision would have been avoided.

The second point is that the respondent was guilty of contributory negligence. There is no merit in this claim. At least, under the evidence, it was a question for the jury. Under the traffic ordinances of the city of Seattle, the motorcycle policeman had the right of way at the crossing, and was not limited to the speed prescribed for ordinary vehicles. Even though he had the right of way and was not subject to the speed regula-

tions, this would not absolve him from exercising due care. The street at this time was dry. The accident occurred in a portion of the city known as the Denny Hill Regrade, in which there is much vacant property. At the time of the accident, there was no other traffic on the street in the immediate vicinity. Under such circumstances, it cannot be held, as a matter of law, that the respondent, in traveling at the rate of thirty-five or forty miles per hour, answering an emergency call in the line of his duty, would be guilty of contributory negligence. In this connection the appellant cites the case of *Miner v. Rembt,* 178 App. Div. 173, 164 N. Y. Supp. 945, as being closely in point. There are, however, two or three material distinctions between that case and the facts in the present case. There the accident happened at a crowded street junction. The motorcycle upon which the plaintiff was riding was masked by a fence along the street. Here the accident did not happen at a crowded intersection and the parties saw each other in ample time to have avoided the accident. In addition to this, in that case the defendant's conduct, after entering the intersection, was not such as to mislead the plaintiff as to whether he intended to stop or continue his movement. Here the conduct of the appellant was such as to invite the respondent, at one instant, to pass to the rear of him, and, at another, to pass in front. The other cases cited are less closely in point than is the one referred to and need not be here noticed in detail.

Finally, it is claimed that the trial court committed error in submitting the case to the jury. The instruction to which the objection is made may be divided into two parts, in the first of which the jury were told that, if they found from the evidence that the appellant, before entering the intersection, saw or heard, or, acting as a reasonably prudent man, could have seen

or heard, the respondent approaching and knew, or, as a reasonably prudent man, had reason to believe, that he was a policeman, then it was the duty of appellant to have stopped before entering the intersection and permit. the motorcycle to pass. As we have already said, the respondent had the right of way. The evidence is that the motorcycle was making a great deal of noise, being driven with the muffler open and the horn being sounded. Some of the witnesses testify that it could have been heard for a distance of three or four blocks. The instruction tells the jury that, if the appellant knew, or, as a reasonably prudent man, had reason to believe, that the driver of the approaching vehicle was a policeman, then it was his duty to stop and permit the motorcycle to pass. The instruction is no more than making effective the reservations of the traffic ordinances which give to motorcycle policemen or other emergency vehicles the right of way.

In the second part of the instruction the jury were told that, if the appellant, after entering the intersection and observing the rapid approach of the plaintiff, stopped or slowed down his automobile near the east side of Fourth avenue for the purpose of allowing the motorcycle to pass in front of him, and that respondent, in plain view and sight of the appellant, changed his course for that purpose, then, in that case, it would be negligence on the part of appellant to start his automobile and drive in front of respondent. If the appellant stopped or slowed down after entering the intersection, for the purpose of allowing the motorcycle to pass in front, and the driver of the motorcycle changed his course for that purpose, then it certainly would be negligence for the driver of the automobile to again start his machine and drive in front of the motorcycle. This is not only a correct rule of law, but is a sound rule of common sense. The instruction, in

both its parts, correctly defined the law, and is therefore approved.

The judgment will be affirmed.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.