36240.   SWIFT & COMPANY *v.* HALL.

DECIDED JULY 5, 1956—REHEARING DENIED JULY 24, 1956.

*John Henry Poole,* for plaintiff in error.

NICHOLS, J.   1.   The plaintiff's first contention is that the trial court should have granted its motion for a judgment notwithstanding the verdict because the testimony of the defendant was contradictory and equivocal and should be construed most strongly against the defendant.

The defendant testified that he did not own the store where the plaintiff delivered the meat it had sold on open account, that he had loaned his son the money to purchase certain fixtures, and that when his son left the store he took it over in order to protect the money he had loaned his son. The plaintiff introduced in evidence without objection a letter and an affidavit signed by the defendant in which he denied that the business was ever his son's, and in which he declared that he owned the

business. The defendant admitted signing both exhibits. Later, during the trial, the defendant testified that what he had intended to say in the exhibits was that he owned the fixtures, not the stock of goods, and that he didn't have anything to do with the purchase of the stock of goods.

The testimony of the defendant was not contradictory or equivocal so as to require it to be construed most strongly against him. The exhibits introduced in evidence without objection tended to impeach the defendant's testimony; however, even when a witness has been impeached the weight to be given to his testimony is a question for the jury (*Sweet v. Awtry*, 70 *Ga. App.* 334 (2), 28 S. E. 2d 154; *Owens v. State*, 139 *Ga.* 92 (2), 76 S. E. 860), and this same rule applies where the witness is the defendant. *Turner v. Hardy*, 198 *Ga.* 626, 642 (32 S. E. 2d 483). Therefore, this contention of the plaintiff is without merit.

2. The plaintiff also contends that the defendant was estopped to deny that he was the owner of the business in view of the exhibits referred to in the previous division of this opinion which were introduced in evidence without objection.

In order to create an estoppel as authorized by the Code, § 38-114, the evidence must show that the party relying on such estoppel acted on the conduct of the opposite party to his detriment. In the present case, although the plaintiff argues that it brought the present action because of the information given it by the defendant, there is no evidence in the record that it acted only because of this information, and that this information caused it any harm that it may have suffered. See *Cantrell v. Byars*, 66 *Ga. App.* 672 (4) (19 S. E. 2d 44).

Accordingly, the trial court did not err in denying the plaintiff's motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*