36270. BRANAN *v.* LAGRANGE TRUCK LINES, INC., *et al.*

Decided November 20, 1956—Rehearing denied December 18, 1956.

842

*B. M. Wimberly*, for plaintiff in error.

*A. Walton Nall, Nall, Sterne, Miller, Cadenhead & Dennis, William M. Pate*, contra.

QUILLIAN, J. For the sake of convenience we shall refer to the plaintiff in error, Mrs. Branan, as the plaintiff, and to LaGrange Truck Lines, Inc., and Marvin Clayton as the defendants.

The sole question for consideration by this court is whether the judgment of the trial court directing a verdict for the defendants should be affirmed or reversed.

The petition as finally amended set forth a cause of action against the defendants for injuries to the plaintiff's person and damage to her property by the commission of specified acts of negligence on the part of the defendant Clayton whose negligence was imputable to the defendant LaGrange Truck Lines, Inc.

The allegations of the petition went further than setting out the cause of action upon which the plaintiff relied for recovery, and undertook to anticipate and avoid the defense that the defendants' liability had been extinguished by a settlement between the parties, effected by the plaintiff's signing a release of liability and accepting a draft in satisfaction of her claim for damages.

The rule is well established that, except in cases brought by a railroad employee for injuries caused by the negligence of a fellow servant, the plaintiff is not required to anticipate and negative possible defenses that may be urged. *Roadway Express, Inc., v. Jackson*, 77 *Ga. App.* 341 (2) (48 S. E. 2d 691). If the petition undertakes to negative a defense that might be urged by the defendant, the petition is subject to general demurrer if the facts alleged are not sufficient to avoid such defense. *Columbian &c. Ins. Co. v. Carter*, 58 *Ga. App.* 150 (1) (197 S. E. 925). If the matters pleaded in avoidance of the defense, the

existence of which is disclosed by the petition, are insufficient for the purpose, the effect is to negative the plaintiff's right of recovery. *Swofford* v. *Glaze*, 206 *Ga.* 574 (57 S. E. 2d 823).

The petition was demurred to on several grounds. Each of them is bottomed on the proposition that the petition was insufficient to set forth a cause of action, or failed to negative the defense it anticipated. These matters were decided adversely to the defendants by the judgment overruling their demurrers, to which judgment no exception was taken. The judgment became the law of the case. *McKenzie* v. *Perdue*, 67 *Ga. App.* 202, 212 (19 S. E. 2d 765). It was thus finally adjudicated that the petition was both sufficient to set forth a cause of action and to avoid the defense that the plaintiff had relinquished her right of action.

All, then, that remained for the plaintiff to do in order to be entitled to recover was to prove the allegations of the petition. *Pierpont Mfg. Co.* v. *Mayor &c. of Savannah*, 153 *Ga.* 455 (1, 2) (112 S. E. 462). The plaintiff offered no evidence except her own testimony in support of the allegations of her petition. However, the evidence given by her was plausible and not so contradictory as to deprive it of its probative value. It was disputed but not conclusively refuted or disproved by the evidence adduced by the defendants, and was sufficient to support every material allegation of the petition. Consequently, every allegation of the petition, except those admitted by the answer, became one of fact for solution by the jury.

The defendants invoke the rule that a party testifying in his own behalf, if there are material conflicts in his testimony, is not entitled to recover unless that testimony least favorable to his contention is of such character as to authorize recovery. *Clark* v. *Calhoun Nat. Bank*, 53 *Ga. App.* 691, 694 (187 S. E. 304). The contention that the rule is applicable to the plaintiff's testimony is based on the fact that when the plaintiff's depositions were taken on May 12, 1954, she testified that a claims adjuster, who represented the defendants, had made no representations to her that to her personal knowledge were untrue, and when she later testified on the trial of the case she attributed to the claims adjuster certain statements that she contended were intended to induce her to sign the release of the defendants' lia-

bility to her and to persuade her to take into her possession a certain draft tendered by the claims adjuster and which purported to be in full satisfaction of her claim for damages. These statements were: that she could not recover damages for the reason that she was on the property of another at the time she was injured; and that if she was on the public sidewalk she would still not be entitled to recover because the owner of the lot claimed dominion over the sidewalk, and that if she took the draft into her possession and did not cash it her right to institute an action against the defendants would not be affected.

The evidence presented by the plaintiff was not self-contradictory or equivocal so as to require it to be construed most strongly against her. The depositions referred to in the opinion were taken prior to the trial of the case and although they might tend to impeach the plaintiff's testimony they would not have the effect of requiring, as a matter of law, that her testimony be disregarded. See *Swift & Co. v. Hall,* 94 *Ga. App.* 239 (94 S. E. 2d 145). In order to require as a matter of law that a party's testimony be construed most strongly against her because it is contradictory or equivocal, it must be testimony presented by the party on the trial of the case and not testimony adduced at some other time and place which is introduced on the trial merely for the purpose of impeachment. In the present case the general demurrers filed by the defendant to the plaintiff's petition were overruled and not excepted to, and the plaintiff made out her case as laid. Therefore, a question for the jury was presented, and the trial court erred in directing a verdict for the defendants.

Moreover, in view of the plaintiff's testimony that she was in such pain at the time the "release" was signed that she didn't remember signing it and the only reason she knew she signed it was that her husband told her she did would have authorized the jury to find for the plaintiff as to the anticipated defense pleaded by her.

The plaintiff's testimony, while containing some inconsistencies, was, as a whole, plain, plausible and consistent. We have not overlooked some inconsistencies, most of which were minor for the most part and did not concern material matters. But despite the discrepancies referred to, the plaintiff's testimony as a whole was understandable and did not present conflicting ver-

sions of the manner in which she was injured or repugnant accounts of the representations made by the claims adjuster to induce her to sign the release and take the draft tendered by him into her physical possession.

The rule of practice announced in the *Clark* case, supra, and in many other cases, like all other matters of procedure, must be given reasonable construction and practical application. The mere fact that the party's testimony is inconsistent and contradictory in reference to vital issues does not necessarily divest it of probative value. The rule is applicable only when the party's testimony presents such contrary and repugnant accounts of the same matter that to accept the one as true compels the rejection of the other as false. And even then, if the party witness's testimony least favorable to his case supports the cause of action as laid in the petition, it is not as a matter of law precluded from prevailing in the case. The question of weight and credit to be given his evidence is for the jury.

It is not necessary, but perhaps well, to observe that the plaintiff was a very old lady, four score or more years old. The same precision of judgment and clarity of memory, however, which would normally be expected of younger persons could hardly have been required of her. Age takes its toll of physical and mental strength and casts its long shadows across the way of memory. She was easily confused as to details, but testified with remarkable clarity for one so old. As authority for the proposition that her age and mental state should be considered, see *Central of Ga. R. Co.* v. *Poole,* 25 *Ga. App.* 58 (2) (102 S. E. 461).

It must also be considered that the plaintiff explained the failure of her testimony when examined on the trial to coincide in detail with that given by her when examined by depositions on May 12, 1954. She explained that she was in great pain when her depositions were taken and scarcely knew what was transpiring; whereas not being in such stress at the time of the trial nearly two years later, her memory was clearer. She also stated that when her depositions were taken her attention was not directed to, nor was she examined as to, her transactions with the claims adjuster. In the case of *Central of Ga. R. Co.* v. *Poole,* supra, (headnote 2) it was held: "While it is a well-settled rule

848

that where the evidence of a plaintiff or a defendant is contradictory within itself, vague, or equivocal, it must be construed most strongly against him (*Watkins* v. *Woodbery*, 24 *Ga. App.* 80, 100 S. E. 34 [5]), this principle of law does not govern or control this case under its facts. While in one instance the plaintiff swore on cross-examination, 'I don't know what struck me,' every fact and every circumstance testified to both by the plaintiff and by every other witness tends abundantly to show that the plaintiff was struck at night by a backing freight car, and was, as he says, 'dragged by the car' along the track a considerable distance, mashing his foot to such an extent as to necessitate its amputation. The one instance in which he used the words first quoted, when construed in connection with the entire evidence in the case, including the plaintiff's own evidence, and with especial reference to the plaintiff's evidence as given in immediate connection with the expression quoted, must necessarily be taken to mean that he did not know what hit him in the sense that he did not directly see the impact at the time it unexpectedly occurred. The same reasoning applies to the plaintiff's expression, in answer to a propounded question, 'The one *next to the depot* was the side-track upon which I stood.' The plaintiff had specifically fixed his position at the time of the accident as being 'one foot or two feet from the side-track,' and in answer to another question stated, 'I was nearer to the track than I was to the door.' The answer first quoted must, therefore, in fairness, be taken to have special reference to which track was being testified about, rather than to his exact position in reference thereto. The plaintiff repeatedly testified in substance that he was standing somewhere near in front of the waiting-room. The fact that while testifying to this fact, and insisting that such was the case, he may have failed to designate such position correctly by indicating it with a cross-mark on a rather small photograph of the locality, when requested to do so by the defendant's counsel, need not necessarily bring the evidence of the plaintiff within the application of the legal rule above stated, especially as the plaintiff, an old man, protested his inability to thus correctly designate his position, for the reason that he could not well see the photograph."

The trial judge erred in directing the verdict in favor of the defendants.

Headnotes 5 and 6 need no elaboration.

*Judgment reversed.* *Felton, C. J., and Nichols, J., concur.*