36642. HARRIS *v.* HARALSON FARM SUPPLY COMPANY, INC.

DECIDED APRIL 17, 1957.

574

*R. J. Brown, Earl Staples,* for plaintiff in error.

*Shirley C. Boykin,* contra.

QUILLIAN, J. 1. The plaintiff contends that the defendant failed to file an amendment within the time allowed by the trial judge, and therefore the purported amendment which the defendant filed never became a part of the pleadings. While it is true the amendment came three days late, the trial judge allowed it on the date it was presented, and this had the effect of extending the time in which to amend. This case is distinguished from

*Pasco Flour Mills Co.* v. *City Supply Co.*, 23 *Ga. App.* 95 (97 S. E. 558), and *Park* v. *Moore,* 44 *Ga. App.* 538 (162 S. E. 155), because in those cases the amendment was never allowed by the trial judge.

2. The plaintiff insists that there was no evidence on the trial to establish the fact of Kilgo's agency or that he was authorized to contract on its behalf. The plaintiff by suing on the contract ratified it, and it is estopped to deny that the president had authority to act for the corporation in representing the corporation by making contracts relating to the subject matter here involved. *Potts-Thompson Liquor Co.* v. *Potts,* 135 *Ga.* 451, 460 (69 S. E. 734).

3. There was evidence that on an occasion prior to the trial the defendant admitted that he owed the account sued upon, but on the trial of the case he testified that by reason of matters of defense alleged in his answer he was not indebted to the plaintiff. It is the plaintiff's position that the defendant's admission that previous to the trial he had admitted liability was conclusive proof of that fact, demanding a verdict in the plaintiff's favor and authorizing the judgment notwithstanding the verdict.

The law is that a party to a case who has on former occasions, even when testifying as a witness on a previous hearing of the same case, admitted facts favorable to his adversary may testify to the contrary when he appears as a witness in his own behalf. *Swift & Co.* v. *Hall,* 94 *Ga. App.* 239 (94 S. E. 2d 145); *Branan* v. *LaGrange Truck Lines, Inc.,* 94 *Ga. App.* 829 (96 S. E. 2d 364); *Phoenix Ins. Co.* v. *Gray,* 113 *Ga.* 424 (38 S. E. 992); *Owen* v. *Palmour,* 111 *Ga.* 885 (36 S. E. 969). The weight and credit then to be given his testimony is for the jury. The rule has no application, of course, when, as in *Koplin* v. *Shartle Bros. Machine Co.,* 150 *Ga.* 509 (104 S. E. 217), the admission made in the party's pleadings has not been stricken.

4. The defendant testified that: the agreement between him and the plaintiff was that he was to furnish the hen-house and all the equipment necessary for the hen-house and the plaintiff agreed to furnish the hens and their feed. There was sufficient evidence from which the jury could have found that the parties had entered into a joint venture. But regardless of the nature

of the contract, there was evidence from which the jury could have concluded that the defendant had not purchased the hens and feed, but had only obligated himself to furnish the hen-house and its equipment, and was not liable for the price of the chickens or feed furnished by the plaintiff. The case was one for the jury, and the trial judge erred in granting the judgment notwithstanding the verdict that had been returned in the defendant's favor.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*