38559. SMITH v. GOODWIN.

Decided March 6, 1961.

*Carl K. Nelson, Jr., E. L. Stephens, Jr., Nelson & Nelson,* for plaintiff in error.

*Beverly B. Hayes, Harold E. Ward,* contra.

Jordan, Judge. 1. There is no merit to the defendant's contention that the trial court erred in denying the defendant's motion to strike an amendment to the plaintiff's petition, filed in response to an order of the court sustaining certain special demurrers subject, however, to the right of the plaintiff to amend his petition within 10 days, on the ground that the purported amendment was allowed by the court within the 10-day period but not filed with the clerk until 16 days after the order. The order of the court sustaining the special demurrers subject to the right of the plaintiff to amend did not purport to dismiss the entire action if no amendment was filed, and jurisdiction of the case was retained by the court. Accordingly, the court had the power to allow the amendment and order it filed after the time limit originally set in the first order had expired, and at any time before the final hearing on the demurrers was held. See *Parsons v. Foshee,* 80 Ga. App. 127 (2a) (55 S. E. 2d 386);

*Harris v. Haralson Farm Supply Co.,* 95 Ga. App. 573 (1) (98 S. E. 2d 394).

2. The amended petition stated a cause of action and the trial court did not err in overruling the demurrers, general and special, interposed thereto.

3. A plaintiff may not show, in a civil action for damages resulting from an automobile collision, that the defendant was adjudged guilty in a traffic court of a violation of law alleged to have proximately resulted in the plaintiff's injuries. *Padgett v. Williams,* 82 Ga. App. 509 (3) (61 S. E. 2d 676). Similarly, a defendant may not offer testimony, under like circumstances, to show that he was not adjudged guilty of such offense. See *Clough v. Greyhound Corp.,* 91 Ga. App. 246 (1) (85 S. E. 2d 476). Likewise, evidence as to whether a case had or had not been made against a defendant, under the above circumstances, is irrelevant and immaterial. *Keebler v. Willard,* 91 Ga. App. 551 (1) (86 S. E. 2d 379). Accordingly, it was error as contended in special ground 2 for the trial court to allow the defendant on cross-examination by the plaintiff to testify over timely objection that he was required to make an appearance in recorder's court concerning a traffic violation involved in the accident, such testimony in effect constituting evidence that a case had been made against the defendant.

Likewise, it was error as contended in special ground 3 to allow the Recorder of the City of Dublin to testify over objection that a case against the defendant had been docketed in his court.

4. Special ground 4 contends that the court erred in failing to grant a mistrial on motion of the defendant on account of certain alleged improper questions and answers elicited by counsel for the plaintiff on examination of the witness for the plaintiff, Charles E. Stroborg, said questions and answers being as follows: "Question: What is your employment? Answer: Insurance adjuster. Question: And what is the nature of the duties of an insurance adjuster?" There is no merit to the defendant's contention that the plaintiff by the above questions improperly injected the question of public liability insurance into the trial of the case. This ground is without merit.

5. The trial court did not err as contended in special ground 5

in allowing one attorney for the plaintiff to cross-examine witnesses and another attorney to examine other witnesses. Rule 88 of the superior courts of this State as codified in *Code Ann.* § 24-3388 does not prohibit more than one attorney for each side from examining or cross-examining witnesses, as contended by the defendant, where the examination or cross-examination of the same witness or witnesses is not conducted by more than one attorney.

6. It was error as contended in special ground 8 for the court to charge: "The defendant denies all of those material allegations, and he alleges and contends that he was traveling along Calhoun Street from the south going north, and as he approached Bellevue Avenue, he failed to see the automobile that the plaintiff was riding in, and he further contends that *he was going at such rapid rate of speed that he could not avoid the collision between his car and the plaintiff's car."* (Italics ours). While the court probably intended to charge the jury that it was the contention of the defendant that the plaintiff was going at such rapid rate of speed that he, the defendant, could not avoid the collision between the vehicles, the charge as given, was in fact contrary to the contention of the defendant and constituted a material misstatement of the defendant's contentions which is prejudicial error. *Hightower v. Ansley,* 126 Ga. 8 (6) (54 S. E. 939, 7 Ann. Cas. 927) ; *Atlantic Coast Line R. Co. v. Coxwell,* 93 Ga. App. 159 (4) (91 S. E. 2d 135).

7. Special grounds 9 and 10 complain of the following excerpts from the court's charge as being argumentative: "That is in this case whether or not his failing to use ordinary care on the part of Mr. Smith, the defendant, was the proximate cause of the injury to Mr. Goodwin. [Ground 9].

"I charge you in reference to traffic regulations, and this, Gentlemen of the jury, applies to plaintiff and defendant alike. Every person operating a motor vehicle upon the highway shall, when approaching an intersection, as was in this case, it's the duty on the part of both plaintiff and defendant to use ordinary care to prevent injuries to each other, and that would be a question of fact for the jury to determine whether or not such negligence was the proximate cause of the injury. [Ground 10.]"

While that portion of the charge quoted above is not of the clearest construction, we do not think that it contained an expression of the court's opinion that the defendant was in fact negligent and that the only question for the jury to decide was whether such negligence was the proximate cause of the plaintiff's injuries as contended in these grounds. They are, therefore, without merit.

8. Considering the charge as a whole, that portion of the charge complained of in special ground 11 is not erroneous for any reason assigned.

9. The errors alleged in the remaining special grounds are not likely to recur, and the general grounds of the amended motion for a new trial are not passed on, except to say that the verdict rendered was not demanded by the evidence, as the case is to be tried again.

For reasons stated in divisions 3 and 6 of this opinion the trial court erred in denying the amended motion for a new trial.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*