41526. GREENLEE et al. v. CHASTAIN et al.

NICHOLS, Presiding Judge. 1. "An automobile driver on the highway has the right to assume that others driving vehicles will observe the rules prescribed by law respecting such vehicles. *Bach v. Bragg*, 53 Ga. App. 574, 577 (186 SE 711).

One who is rightfully using the highway or street has a right to the use thereof superior to that of one violating the traffic regulations, and in the absence of knowledge is not required to anticipate that some other unlawful use will be made thereof in violation of the rule of the road and thus create a dangerous situation. *Eubanks v. Mullis,* 51 Ga. App. 728, 731 (181 SE 604)." *English v. Georgia Power Co.,* 66 Ga. App. 363, 366 (17 SE2d 891).

2. Although vehicles traveling along through highways or streets generally have the "right of way" over vehicles entering or crossing such highways or streets from intersecting streets, yet such "right of way" is not absolute under all circumstances and is determinable by their relative positions, speed and other circumstances. See *Brown v. Sanders,* 44 Ga. App. 114 (1) (160 SE 542), and citations.

3. "Where a driver who is proceeding in the favored direction so acts as to indicate an intention to yield to the driver who is proceeding in the disfavored direction, the latter may properly proceed." 60 CJS 897, Motor Vehicles, § 363; 42 CJ 988, Motor Vehicles, § 707, and citations.

4. Where a driver on a favored roadway signals an intention to make a right turn, a driver on the disfavored roadway, and to the first driver's right, may proceed to cross the favored roadway, the favored driver having indicated an intention to yield the "right of way" to cross in front of the disfavored driver.

5. Where in an action involving an intersection collision the pleadings and evidence present a question for the jury as to whether the plaintiff had approached the intersection on a favored roadway with her "turn signal" flashing so as to show an intention to make a right turn, which turn would not have taken her in front of the defendant's automobile, a charge to the jury "If you find from the evidence, by a preponderance of the evidence, that the plaintiff did have a right turn signal on; that is operating, and *indicating to the defendant* . . . that she was going to make a right turn . . . [the street on which the defendant was approaching the intersection from the plaintiff's right], that the defendant . . . was authorized to assume that the plaintiff would make the right turn in accordance with the light signal and would have the right to have accordingly entered the intersection" was not error. (Italics ours).

6. The charge did not authorize the jury to find that the plaintiff had yielded her superior right of way merely by the giving of the turn signal, for the charge included the requirment that the jury must find that the plaintiff approached the intersection with the "right turn signal on; that is operating, *and indicated to the defendant* that she was going to make a right turn." Such charge requires an additional element, e.g. slowing speed, extreme right hand side of the road, etc. Had the plaintiff desired or felt that additional instructions defining how the plaintiff might have "indicated" to the defendant her intention to yield the right of way the assignment of error should be on such ground and not on the correct charge given. See *Hardwick v. Georgia Power Co.*, 100 Ga. App. 38 (4) (110 SE2d 24); *Atkinson v. Harvey*, 109 Ga. App. 541 (1) (136 SE2d 543), and citations.

7. The charge complained of in the plaintiff's motion for new trial was not error for any reason assigned, and the trial court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Bell, P. J., Jordan, Hall and Deen, JJ., concur. Felton, C. J., Frankum, Eberhardt and Pannell, JJ., dissent.*

Submitted September 10, 1965—Decided November 10, 1965—Rehearing denied December 2, 1965.

*Thurmond, Hester, Jolles & McElmurray, Cornelius B. Thurmond, Jr.,* for plaintiff in error.

*Allgood & Childs, Thomas F. Allgood,* contra.

PANNELL, Judge, dissenting. I cannot concur in the ruling that the giving of a right-turn signal by one driving an automobile on a favored highway approaching an intersection with an unfavored highway, even at a slow speed, constitutes an indication of intention to yield the right of way to an automobile upon the unfavored highway stopped at a stop sign at such intersection and to the right of the favored vehicle. All it could possibly indicate is an intention to make a right turn. The authority for the majority holding is a quotation from 60 CJS 897 in the third headnote. The case cited in 60 CJS 897 as authority for the statement (Widman v. Ashcraft, 117 Colo. 373, 188 P2d 889) was a case wherein the favored vehicle stopped and the driver motioned the unfavored vehicle across the intersection relieving the unfavored vehicle only of negligence per se arising out of a charge of violating the right of way rule. The cases cited in 42 CJ to sustain the same quotation are of similar import. In DeMarey v. Brugas, 103 Conn. 667, 669 (131 A 392), where a bus, having the right of way, slackened its speed at an intersection to let a passenger alight, and when this happened the driver of the automobile proceeded into the intersection and the driver of the bus, instead of stopping merely slowed to permit the passenger to alight and struck the automobile on its rear right-hand wheel, it was held: "Under such circumstances *the jury could reasonably have found* that the automobile had the right of way into the intersection, since under the apparent situation, the driver of the automobile acting with reasonable care, could reasonably have believed that he could proceed across the intersection without risk of collision." (Emphasis ours). In Hammond v. Emery-Bird-Thayer Dry Goods Co. (Mo.) 240 SW 170, it was stated in discussing the question of right of way and negligence of the parties that start-

ing to stop by the favored vehicle involves a suggestion to the other to go ahead, increase his speed and pass in front of the favored vehicle. This case involved a left turn in front of the favored vehicle. In Clark v. Wilson, 108 Wash. 127 (183 P 103), the favored vehicle slowed down, the other driver changed course and proceeded. It was held that the favored driver, after slowing down and after seeing the other driver change course and proceed, was negligent in proceeding in front of the other driver. None of these cases is authority for the ruling in the present case. In my opinion, the provisions of § 74 of Art. IX of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 590; *Code Ann.* § 68-1652), which provide that the unfavored driver at a stop intersection shall yield to vehicles "within the intersection or approaching so closely as to constitute an immediate hazard," control the case before this court.

There can be no doubt that the favored vehicle in the present case was so close as to constitute an immediate hazard. Under these circumstances, there was a duty upon the driver of the unfavored vehicle to wait until the favored vehicle, either in crossing the intersection or in making the right turn, had progressed to the point that it did not constitute a hazard. For the reasons above stated, I cannot concur in Divisions 4, 5 and 6 of the majority opinion.

I am authorized to state that Felton, C. J., Frankum and Eberhardt, JJ., concur in this dissent.