Pannell, Judge.
William Leon Norsworthy brought an action against Annie D. Knight seeking to recover damages allegedly received in a collision between an automobile on a favored highway driven by plaintiff and an automobile driven by the defendant which entered the favored highway for the purpose of crossing at an intersection after stopping at a stop sign before entering. To the action the defendant filed an answer and a cross action. Upon a trial, the jury found a verdict for the defendant for no amount, which, under the instruction of the court, was a finding against the recovery of damages by either party. The plaintiff appealed to this court, enumerating as error two charges of the court and two refusals to charge as requested. The two requested instructions dealt with the rule that one using the streets or road *809 ways and not guilty of any negligence or any violations of any statutes regulatory thereof has a right to expect that others will do the same. In the enumeration of errors, it was alleged that each charge as requested “was required by the evidence of plaintiff that he was driving with due care and that the defendant was not. (T-3 — 15).”
Appellant in his brief gives a statement generally of the pleadings with citation to the record and restates the enumeration of errors with citation to the record and transcript and states the issues merely as whether the court erred in giving the instructions complained of and whether the court erred in failing to charge as requested, quoting the charges and giving some citations to the record and transcript. In Part 2 of the brief, referred to as the “citation of law and argument,” the appellant stated that certain designated Code sections and ordinances were applicable to the case and quoted them. The remainder of the brief was as follows: “Plaintiff maintains that the court committed error as set forth in this enumeration of errors numbered 1, 2, 3, 4, and 5, and insists upon each and eveiy enumeration. In particular, 1 and 2 involve principally one point of law, that is, whether or not the instruction given was correct. In effect, such instruction as was given informed the jury that merely because there was a collision, that plaintiff was negligent per se, in that he failed to control his car so as to avoid the wreck. Plaintiff says that the charges requested and which the court failed to give as complained of in enumeration of errors numbered 3 and 4 are authorized by the decisions of this court in the cases of Bach v. Bragg, 53 Ga. App. 574 (186 SE 711) and Eubanks v. Mullís, 51 Ga. App. 728 (181 SE 604) and Greenlee v. Chastain, 112 Ga. App. 813 (146 SE2d 378). The decision of the trial court should be reversed.” Held:
1. Whether or not there is sufficient argument contained in this brief to properly present any question to this court under its rules, we do not decide or pass upon. It may be well to point out here that there is no Enumeration of error number 5. There is a Paragraph number 5 in the Enumeration of errors, but this paragraph is a mere statement of jurisdiction of the Court of Appeals, and as such, calls for no ruling by this court as an enumeration of error.
2. The charges complained of in Enumerations of error 1 and 2 were not erroneous for the reasons given.
Argued May 8, 1968
Decided May 23, 1968.
Roberts & Thornton, Jack M. Thornton, for appellant.
Hatcher, Stubbs, Land & Rothschild, A. J. Land, for appellee.
3. A reference to the plaintiff’s testimony, referred to in Enumerations of error 3 and 4, as being contained on pages 3 through 15 of the transcript, which allegedly required the charges requested, discloses that only pages 4, 5, 6, 11 and 13 deal with the circumstances surrounding the collision. The remainder of the pages refer to other matters. Those portions which do pertain to the collision and the circumstances surrounding it show that the plaintiff did not see the defendant until defendant was almost in front of the plaintiff and plaintiff was almost at the intersection, and that there was nothing which obstructed plaintiff’s view and which would have prevented plaintiff from seeing defendant at the stop sign. Under these circumstances, the plaintiff’s evidence did not authorize the charge requested for the reason that this evidence shows conclusively that the plaintiff was guilty of negligence at the time and occasion in question. Whether there may be other portions of. evidence which might have authorized the charge requested, we do not determine as the burden is upon the appellant to refer to the portions of the record or transcript containing such evidence which the appellant claims either authorized or demanded the charge requested. See Rule 17 (c) (3) A and B. Ill Ga. App. 891.
4. No error being shown, the judgment of the trial court is affirmed.

Judgment affirmed.

Jordan, P. J., and Deen, J., concur.