## 51814. SLATON MACHINE SALES, INC. v. OWENS-ILLINOIS, INC. et al.

WEBB, Judge.

This is the second appeal to this court arising from litigation involving a tractor-trailer collision on Interstate 75 near Perry on May 2, 1972. For a statement of facts, see *Owens-Illinois v. Bryson,* 137 Ga. App. 78. Slaton here appeals from a verdict in favor of defendants in its suit for damage to its machinery against Owens-Illinois and its driver Rutherford.

1. The instant case was tried in March, 1975, two months before the suit brought by Bryson, Slaton's driver, for personal injuries. Both cases were tried in the Superior Court of Clayton County before the same judge. In both cases the defendants Owens-Illinois and Rutherford requested that the doctrine of assumption of the risk be charged. In the *Bryson* case the judge refused to give the charge but did give it in this case. For the reasons stated in

*Owens-Illinois v. Bryson,* supra, the trial court erred here in charging the jury on the doctrine of assumption of the risk.

2. Slaton contends that the trial court erred in charging, on two separate occasions, as follows: "I charge you that a driver of a motor vehicle must anticipate that the roadway ahead may be obstructed by objects normally and legally found upon the highway, such as other motor vehicles being driven in a lawful and prudent manner; however, a driver is not bound to anticipate the presence on the highway of objects that are illegally placed on the highway."

This charge was considered under identical facts by the United States Court of Appeals for the Fifth Circuit in another case arising from the same collision, and found to have correctly stated the law. Mealey v. Slaton Machinery Sales, 508 F2d 87, 91 (5) (1975). We concur in that conclusion. *De Golian v. Faulkner,* 74 Ga. App. 866, 869 (41 SE2d 661); *Rogers v. Johnson,* 94 Ga. App. 666, 678 (5) (96 SE2d 285); *Greenlee v. Chastain,* 112 Ga. App. 813 (1) (146 SE2d 378).

3. The court instructed the jury that when the testimony of a party, or a principal witness is vague, equivocal or self-contradictory, it should be construed most strongly against the cause for which he is testifying. This charge was requested by the defendants who contended that the testimony of Bryson, Slaton's driver, was in conflict with previous statements he had made. Testimony by deposition of Slaton's president, R. J. Slaton, as to the value of its tractor prior to and after the collision, and James E. Slaton, who appeared and testified as to the value of the damaged machinery, was also self-contradictory, vague and equivocal in some respects.

We conclude, however, that the charge was improperly given. In the first place, "[T]his rule applies only to the testimony of a party to the suit who offers himself as a witness and not to the testimony of a witness who is not a party. *Henry v. Nashville, Chattanooga &c. R. Co.,* 50 Ga. App. 49 (176 SE 906)." *Manees v. Scicchitano,* 122 Ga. App. 591, 592 (178 SE2d 262).

Secondly, the principle is not applicable unless the party is the sole witness testifying in his behalf. *Western*

& *A. R. v. Mathis,* 63 Ga. App. 172, 177 (4) (10 SE2d 457) and cits. See also *Fuels, Inc. v. Rutland,* 123 Ga. App. 23, 27 (179 SE2d 290) and cits. Otherwise, the rule would violate Code § 38-107 which authorizes the jury to consider all the facts and circumstances of the case in determining where the preponderance of the evidence lies.

Finally, "In order to require as a matter of law that a party's testimony be construed most strongly against [him] because it is contradictory or equivocal, it must be testimony presented by the party on the trial of the case and not testimony adduced at some other time and place which is introduced on the trial merely for the purpose of impeachment." *Branan v. LaGrange Truck Lines,* 94 Ga. App. 829 (3) (96 SE2d 364). The conflicts alleged here by counsel for defendants were as to conflicting testimony given on previous occasions.

4. Slaton contends that the trial court erred in charging the jury that the law of Georgia does not impose upon the driver of a motor vehicle the absolute duty to have his vehicle under such control that he can bring it to a stop in order to avoid injury to any person or property, complaining that the charge as given was incomplete in that it did not instruct as to what Rutherford's duty actually was. We do not agree. The charge of the court, when read as a whole, is replete with instruction to the jury as to Rutherford's duties.

In view of our holdings in Divisions 1 and 3, supra, the judgment must be reversed and a new trial granted.

*Judgment reversed. Deen, P. J., and Quillian, J., concur.*

Argued February 4, 1976 — Decided February 27, 1976 — Rehearing denied March 11, 1976 — ▮

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellant.

*Nall, Miller & Cadenhead, Robert B. Hocutt, Mitchell, Yancey & Fink, Kyle Yancey,* for appellees.