### 60151. A. S. WIKSTROM, INC. v. NORAIR ENGINEERING CORPORATION.

SHULMAN, Judge.

This case arose from a dispute concerning a construction contract to which the parties to this appeal were subcontractor and contractor, respectively. The litigation began when appellee filed suit against appellant and the owner of the project. Appellee and the owner eventually settled that portion of the suit concerning the claim

against the owner. The claim against appellant proceeded to trial after several years of pre-trial maneuvering and resulted in a jury verdict for appellee. This appeal is from the judgment entered on that verdict.

1. Earlier in the course of this litigation, the owner filed a motion for summary judgment which appellee successfully opposed. An affidavit submitted by appellee in opposition to that motion contains statements in direct conflict with the theory under which appellee was proceeding at the time of the trial in this case and with the testimony of appellee's witnesses. That affidavit was produced at trial by appellant and was introduced into evidence. Contending that the affidavit constituted a solemn admission in judicio, appellant insists that appellee was estopped from producing any evidence in conflict thereto and that appellant was therefore entitled to a directed verdict in its favor. We disagree.

"The law is that a party to a case who has on former occasions, even when testifying as a witness on a previous hearing of the same case, admitted facts favorable to his adversary may testify to the contrary when he appears as a witness in his own behalf. [Cits.] The weight and credit then to be given his testimony is for the jury. The rule has no application, of course, when . . . the admission made in the party's pleadings has not been stricken." *Harris v. Haralson Farm Supply Co.,* 95 Ga. App. 573, 575 (98 SE2d 394). In this case, the admission in the pleading had been withdrawn by an amendment to the pleadings. Under these circumstances, the affidavit did not operate to estop appellee from advancing a theory of recovery in conflict therewith nor testimony in conflict therewith. The affidavit was before the jury and appellant received the benefit of its impeaching value. There was no error in denying appellant's motion for a directed verdict based on the affidavit and the theory of estoppel.

2. Appellant has enumerated as error the admission of appellee's evidence concerning its damages. The basis for the objection to that evidence is that it consisted of a summary prepared by an employee of appellee. We find no error in the admission of appellee's summary of damages.

There was testimony from the preparer of the summary which satisfied the requirements of Code Ann. § 38-711, the business records exception to the hearsay rule. This court held in *Vaughn & Co., Ltd. v. Saul,* 143 Ga. App. 74 (3) (237 SE2d 622), that such summaries are admissible provided the records are accessible to the court and the parties. The parties to this action engaged in extensive discovery during the years preceding trial and there was, in the language of *Vaughn,* "ample opportunity to examine and question

the documentary basis of the ... summary ..." Id., p. 79. Given the opportunity for discovery which was afforded to appellant, we do not find it significant that the underlying documents were not present in court.

3. In its final enumeration of error, appellant complains of two portions of the trial court's charge to the jury.

A. The first portion of the charge of which appellant complains is an instruction concerning the terms of the subcontract. The court charged the jury that if they found that the subcontractor assumed toward the prime contractor the obligations the prime contractor assumed in the prime contract, the requirements of the prime contractor would be binding on the subcontractor. Appellant's complaint is that the instruction was too broad, that it authorized the jury to find that appellant was obligated to do all the work of the prime contractor. We cannot agree.

The contract between the parties to this case provided that the terms of the prime contract, insofar as they applied, were incorporated by reference and that appellant was "bound by any and all parts of said documents [prime contract] insofar as they relate in any part or in any way to the work undertaken herein ..." It may be seen that the court's charge was accurate and, in the context of a long trial in which it was obvious to all that appellant's only part of the job was pile-driving, adjusted to the evidence.

B. The second part of the charge to which appellant takes exception concerned contractual obligations to perform to the satisfaction of another party. Appellant submits that the instruction was erroneous because appellant never agreed to perform to the satisfaction of anyone else. We do not find merit in that complaint.

In view of a provision in the contract here involved that the owner was to have the final decision concerning the true meaning and construction of the plans and specifications, we find that the charge was reasonably adjusted to the evidence. In addition, the instruction was a correct statement of the law, taken almost verbatim from *Stribling v. Ailion,* 223 Ga. 662 (1) (157 SE2d 427). Appellant's argument is made even weaker on this issue by its failure to object to the portion of the charge which followed the one enumerated as error. The unobjected to charge was on the same subject and was even broader than the one appellant found objectionable.

Appellant having demonstrated no harmful error, the judgment of the trial court must be affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 22, 1980 —
REHEARING DENIED OCTOBER 9, 1980 —

Edward E. Dorsey, John W. Hendrix, James H. Keaten, Harvey D. Harkness, for appellant.
Walter C. Hartridge, for appellee.