A91A0767. BROOMBERG et al. v. HUDGENS et al.
(411 SE2d 521)

CARLEY, Presiding Judge.

Appellee-defendants in this "slip and fall" action filed separate motions for summary judgment, relying upon *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). The trial court granted summary judgment in favor of both appellees and appellant-plaintiffs appeal from those orders.

*Prophecy Corp.* provides that "[w]here a respondent offers self-contradictory testimony on motion for summary judgment, such testimony will be construed against him unless a reasonable explanation is offered for the contradiction. [Cit.]" *Boyd v. Garden Center*, 197 Ga. App. 198, 199 (1) (397 SE2d 626) (1990). However, appellees do *not* contend that any testimony that was originally given by appellants within the parameters of *the instant case* is self-contradictory. Com-

pare *Prophecy Corp. v. Charles Rossignol, Inc.*, supra; *Boyd v. Garden Center*, supra; *McConnell v. Winn-Dixie Atlanta*, 194 Ga. App. 700 (391 SE2d 785) (1990); *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 611 (2) (376 SE2d 698) (1988); *Georgia Farm Bur. Mut. Ins. Co. v. Nolan*, 180 Ga. App. 28 (348 SE2d 554) (1986); *Simone v. Hancock Textile Co.* 175 Ga. App. 191, 193 (2) (332 SE2d 669) (1985). Instead, they contend only that certain testimony which has been given by appellant Mrs. Broomberg in the instant tort case does not comport with the testimony that was given by her in a previous workers' compensation proceeding. A review of the record shows that there is some doubt that appellees have even shown the existence of such a conflict. However, even assuming without deciding that they have, the existence of such a conflict would clearly *not* be a basis for applying the rationale of *Prophecy Corp*. In order to require, as a matter of law, that a party's testimony be construed most strongly against him because it is contradictory or equivocal, it must be testimony that was originally given by him in the actual case itself and not testimony that he gave at some other time and place. "The conflicts alleged here by [appellees] were as to [purportedly] conflicting testimony given on previous occasions [other than in the instant case]." *Slaton Machine Sales v. Owens-Illinois, Inc.*, 138 Ga. App. 80, 82 (3) (225 SE2d 473) (1976). It follows that the trial court erred in relying upon the inapplicable rationale of *Prophecy Corp*. as the basis for granting summary judgment in favor of appellees.

*Judgments reversed. Beasley and Cooper, JJ., concur.*

DECIDED OCTOBER 1, 1991 —
RECONSIDERATION DENIED OCTOBER 16, 1991 — ▮▮▮▮▮▮▮

J. Carol Sherwood, Jr., for appellants.
Dillard & Landers, Daniell S. Landers, Bryant H. Bower, Jr., Young, Young & Clyatt, James B. Thagard, for appellees. ·