S92G0173. HUDGENS et al. v. BROOMBERG et al.
S92G0182. MANAGEMENT CLEANING CONTROLS, INC. v.
BROOMBERG et al.
(416 SE2d 287)

WELTNER, Presiding Justice.

We granted certiorari in *Broomberg v. Hudgens*, 201 Ga. App.
524 (411 SE2d 521) (1991), to consider:

Whether the rule in *Prophecy Corp. v. Charles Rossignol,
Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), is limited, as the
Court of Appeals holds, to testimony "originally given . . . in
the actual case."

1. In *Prophecy*, supra, we reaffirmed the "contradictory testi-
mony rule," and held that the trial court must determine, in each
case, whether the testimony of a party comes within that rule.[1]

2. The Court of Appeals held:

In order to require, as a matter of law, that a party's testi-
mony be construed most strongly against him because it is
contradictory or equivocal, it must be testimony that was
originally given by him *in the actual case itself and not tes-
timony that he gave at some other time and place.* [Empha-
sis supplied.] [*Broomberg*, 201 Ga. App. at 525.]

---

[1] We stated:
In each case, whether on motion for summary judgment or at trial, it must be de-
cided if the testimony of a party-witness is contradictory. On summary judgment
this is a question for the judge to decide. It is contradictory if one part of the testi-
mony asserts or expresses the opposite of another part of the testimony. [Note omit-
ted.] To say that testimony is *directly* contradictory adds nothing to the statement
that it is contradictory. Neither does the issue turn on whether the party-witness'
second statement *intentionally* contradicts his first. There are situations in which
an honest mistake has been made in the first statement; the proper approach is to
*intentionally* contradict the first statement by way of explanation. We point out
that even where testimony is contradictory, if a reasonable explanation is offered for
the contradiction, the testimony will not be construed against the party-witness.
The burden rests upon the party giving the contradictory testimony to offer a rea-
sonable explanation, and whether this has been done is an issue of law for the trial
judge. [Cits.] On the other hand, a careless and untruthful witness may have simply
forgotten what was said in the first statement, and tailored his second statement to
meet the needs of the occasion without regard to the truth. He may have no *intent*
to contradict the first statement, but surely the law will construe this contradiction
against him. [Id. at 30.]

3. Testimony, however, is testimony. Because *Prophecy* does not contain the limitation applied by the Court of Appeals, the case is reversed and remanded.

*Judgment reversed and case remanded. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I disagree with the majority's reversal of the Court of Appeals' decision which limited the "contradictory testimony" rule to testimony given by a party/witness in that case. I am in full accord with the Court of Appeals' reliance on the rule first enunciated in *Branan v. LaGrange Truck Lines*, 94 Ga. App. 829 (3) (96 SE2d 364) (1956), and elaborated upon in *Slaton Machine Sales v. Owens-Illinois*, 138 Ga. App. 80, 82 (225 SE2d 473) (1976):

> "In order to require as a matter of law that a party's testimony be construed most strongly against [her] because it is contradictory or equivocal, it must be testimony presented by the party on the trial of the case and not testimony adduced at some other time and place. . . ."

Here, Mrs. Broomberg's testimony on deposition in her personal injury lawsuit purportedly conflicted with her testimony in a proceeding in which she sought workers' compensation benefits.[2] In my opinion, it is up to a jury to determine whether Mrs. Broomberg's personal injury testimony is impeached by her workers' compensation testimony. It is not a question of law to be determined by the trial court after Mrs. Broomberg has had an opportunity to offer a reasonable explanation of the purported contradictory statements. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). Permitting, as the majority opinion does, the intertwining of two separate and distinct actions will, I predict, result in a trial within a trial as parties try to explain testimony from past cases that is allegedly inconsistent with testimony given in the current case. The efforts to explain alleged discrepancies may, in fact, overtake and overwhelm the case itself. Such prior testimony should be used for impeachment purposes, and not as a tool through which cases are disposed of summarily.

I respectfully dissent.

---

[2] The Court of Appeals noted that there is some doubt that appellees have even shown the existence of intentional self-contradictory testimony.

DECIDED MAY 21, 1992 —
RECONSIDERATIONS DENIED JUNE 10, 1992 AND JUNE 12, 1992.

*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard,* for appellants (case no. S92G0173).
*Dillard, Landers & Bower, Daniell S. Landers, Bryant H. Bower, Jr.,* for appellant (case no. S92G0182).
*Barhan & Dover, J. Carol Sherwood, Jr.,* for appellees.